IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS JACKSON,<br><br>             Plaintiff,<br><br>vs.<br><br>SMART-FILL MANAGEMENT GROUP, INC., et al.,<br><br>             Defendants. | 4:20-CV-3019<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on defendant William Brazell's motion (filing 8) to dismiss Jackson's complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Court will grant Brazell's motion.

## I. BACKGROUND[1]

Smart-Fill is a "Group Purchasing Organization" for over 600 independent pharmacies (known as members) in 17 states, including Nebraska. Filing 9 at 8. In other words, Smart-Fill negotiates with large pharmaceutical suppliers on behalf of its members as a group to get better prices. *See* filing 9 at 8. The Astrup family owns Smart-Fill. Filing 9 at 2, *see* filing 1-1 at 2-3. In the early 2000s,[2] Smart-Fill hired Jackson to solicit, serve, and retain members for Smart-Fill's network. *See* filing 1-1 at 3; filing 9 at 8.

---

[1] For a more thorough review of the facts, see the Court's memorandum and order regarding Jackson's motion to dismiss defendant Smart-Fill's counterclaims.

[2] Jackson alleges he started in about 2001 (filing 1-1 at 3), while Smart-Fill alleges he started in 2004 (filing 9 at 8). Jackson's exact start date is immaterial to this motion.

And in July 2019, Jackson and Smart-Fill entered into a two-year employment agreement, which was signed by Brazell as President of Smart-Fill and Astrup Company.3 Filing 1-1 at 11-13. Jackson also entered into a non-competition and non-solicitation agreement (filing 1-1 at 18-21) as a condition of his continued employment. Filing 1-1 at 2-3, filing 9 at 3. But the copy provided to the Court is not signed by anyone purporting to bind Smart-Fill. *See* filing 1-1 at 20-21.

At the beginning of October 2019 Smart-Fill allegedly breached the employment agreement and on October 3, 2019, Jackson resigned. Filing 1-1 at 5. Thereafter, Jackson sued defendants for breach of contract and injunctive relief. *See* filing 1-1. Brazell then filed a motion to dismiss because, as a matter of law, Jackson has not stated a claim against Brazell in his individual capacity. Filing 8.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While the Court must accept as true all facts

---

3 It is not clear from the filings what precise position(s) Brazell held. The offer of employment was signed by Brazell as "President of Astrup Company" and appears on Astrup Companies letterhead. Filing 1-1 at 11-12. But the attached Commission Information was signed by Brazell as President of Smart-Fill. Filing 1-1 at 13. And defendants assert that Brazell was in fact President of Smart-Fill, *see* filing 8-1 at 3, but deny that he was President of co-defendant Astrup Drug, Inc., *see* filing 9 at 2.

pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party, *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. If the Court considers matters outside the pleadings, the motion to dismiss must be converted to one for summary judgment. Fed. R. Civ. P. 12(d). However, the Court may consider exhibits attached to the complaint and materials that are necessarily embraced by the pleadings without converting the motion. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

### III. DISCUSSION

Brazell argues that Jackson's complaint is devoid of any theory of personal liability against him and therefore must be dismissed. The Court agrees.

Under Nebraska law, a corporation's officers are generally not liable to third persons for corporate acts or debts, simply by reason of an official relation with the corporation. *Walker v. Walker Enterprises, Inc.*, 532 N.W.2d 324, 331 (Neb. 1995). A corporation's officers and directors are in the same position as agents of private individuals and are not personally liable on a corporation contract unless the corporate officers and directors purport to bind themselves, or have bound themselves, to performance of the contract. *Id.* Where an obligation is that of a principal, a court cannot enforce the obligation against

the agent as long as he is merely acting as an agent. *Hecker v. Ravenna Bank*, 468 N.W.2d 88, 94 (Neb. 1991).

For instance, in *Walker*, the court held that two corporate officers were not individually liable because it was clear from the signed agreement at issue that they intended to bind the corporation, and not themselves. 532 N.W.2d at 331. The court reasoned that the word "by," which appeared before their signatures, and the inclusion of their official titles, which appeared after their signature and typed names, indicated that they were acting on behalf of the entity *Id.*

Here, Brazell signed the employment offer letter and the commission information as President of Astrup Company and President of Smart-Fill, respectively. And the employment offer letter appeared on Astrup Companies letterhead. Jackson is suing the defendants solely on theories that arise from the employment agreement and the non-solicitation agreement, which from the evidence before the Court, Brazell didn't even sign.4 Of further note, Jackson has not responded to Brazell's motion to dismiss or offered a theory of liability that would implicate Brazell individually. Accordingly,

IT IS ORDERED:

1. Brazell's motion to dismiss Jackson's complaint (filing 8) is granted.

---

4 The language of the agreement also supports Brazell's position—"This non-competition and non-solicitation agreement is made between Smart-Fill Management Group, Inc. . . . and Thomas Jackson, Individually." Filing 1-1 at 18.

2. Jackson's claims (filing 1-1) against William Brazell are dismissed.

3. Brazell is terminated as a party.

Dated this 8th day of July, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge